UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WING SZE NG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NISSAN NORTH AMERICA, INC., <br><br> Defendant. | Case No. 23-cv-00875-AMO <br><br> **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** <br><br> Re: Dkt. No. 33 |

This is a breach of warranty case about failed attempts to repair Plaintiffs' Nissan Armada. Before the Court is Defendant Nissan North America's ("NNA") motion to dismiss the Second Amended Complaint. The matter is fully briefed and suitable for decision without oral argument. *See* Civil Local Rule 7-6. This Order assumes familiarity with the facts of the case, the parties' arguments, and the relevant law. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** NNA's motion to dismiss.

## BACKGROUND

**A.     Factual Background[1]**

On February 27, 2022, Plaintiff Wing Sze Ng entered into a lease agreement with United Nissan Reno, which is located in Reno, Nevada, for a 2022 Nissan Armada. Second Amended Complaint ("SAC")[2] (ECF 32) ¶¶ 28-29; ECF 32-1 at 2. The Armada was covered by Defendant

---

[1] The Court draws these facts from the Second Amended Complaint and accepts all plausible allegations as true for purposes of the motion to dismiss. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

[2] Plaintiffs incorporate by reference and attach to the SAC a copy of the lease (ECF 32-1) and the warranty information booklet. Warranty (ECF 32-4, Ex. D).

Nissan North America's ("NNA") New Vehicle Limited Warranty (the "Warranty"). SAC ¶¶ 33-34 (citing Ex. D). The basic coverage period for the Warranty is 36 months or 36,000 miles, whichever comes first, and covers "any repairs needed to correct defects in materials or workmanship of all parts and components[.] . . ." SAC ¶ 36. The powertrain coverage period is 60 months or 60,000 miles, whichever comes first, and "covers any repairs needed to correct defects in materials or workmanship[.]" SAC ¶ 37.

Plaintiffs allege that the Armada was "delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities," including "electrical defects, electronics defects, infotainment system defects, recalls, and other serious nonconformities to warranty." SAC ¶ 53. Plaintiffs took the vehicle to Golden State Nissan, an authorized Nissan repair facility, for repairs on August 16, 2022, December 16, 2022, December 27, 2022, and July 5, 2023. SAC ¶¶ 44-47. On August 16, Plaintiffs reported that the transmission "kicks when putting it into gear." SAC ¶ 44. The technician tested the vehicle and determined no repairs were necessary. SAC ¶ 44. On December 16, Plaintiffs reported that the transmission struggled to shift out of park and into drive and made a "loud clicking noise when shifting." SAC ¶ 45. The technician inspected and shifted the vehicle and determined no repairs were necessary. SAC ¶ 45. On December 27, Plaintiffs reported that the transmission was difficult to shift and "clonks out" of park. SAC ¶ 46. The technician attempted repair and cycled the ignition, restarted the vehicle, performed shifts from park to drive, and released the car to Plaintiffs. SAC ¶ 46. On July 5, Plaintiffs reported that they "experience a loud clunk noise" when they move the car out of park. SAC ¶ 47. The technician was unable to replicate the noise. SAC ¶ 47. Plaintiffs also reported that the vehicle independently braked while driving and the collision light illuminated. SAC ¶ 48. The technician could not replicate Plaintiffs' concerns. SAC ¶ 48. At each visit, the vehicle had fewer than 36,000 miles on the odometer. SAC ¶¶ 44-47. Plaintiffs allege that despite the repeated attempts, the dealership did not successfully repair the Armada and it faces "other ongoing defects." SAC ¶ 49.

**B.     Procedural Background**

Plaintiffs initiated this suit on February 27, 2023, and filed an amended complaint on April

1   7, 2023. ECF 19. NNA moved to dismiss the amended complaint, and the Court granted the
2   motion to dismiss the breach of express warranty claim with leave to amend and dismissed the
3   remaining claims with prejudice. ECF 29. Plaintiffs filed the Second Amended Complaint, the
4   operative complaint, on February 5, 2024, alleging one cause of action for breach of express
5   warranty under the Magnuson-Moss Act. ECF 32. Through the instant motion, NNA moves to
6   dismiss the claim. Mot. (ECF 33).

**DISCUSSION**

"[C]laims under the Magnuson-Moss Act stand or fall with [Plaintiffs'] express [] warranty claims under state law. Therefore, [the Court's] disposition of the state law warranty claim[] determines the disposition of the Magnuson-Moss Act claim[]." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). To allege express breach of warranty, a plaintiff must plead (1) the exact terms of the warranty; (2) plaintiff's reasonable reliance; and (3) breach of that warranty; (4) which proximately caused plaintiff's injury. *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986). Plaintiffs allege that NNA made express warranties that it would cover any repairs needed to correct defects in materials or workmanship in certain parts and components of the vehicle. SAC ¶¶ 34, 36-37. Despite NNA's efforts to inspect and repair the vehicle, Plaintiffs have continued to face concerns with shifting the transmission. SAC ¶¶ 44-47. NNA moves to dismiss the SAC, arguing that Plaintiffs have not alleged privity of contract, and that they have not alleged breach or damages.

NNA first argues that the Court should dismiss the claim for lack of privity. Plaintiffs do not dispute that privity of contract is generally required to assert a breach of express warranty claim. Opp. (ECF 34) at 8-10; *see Blanco v. Baxter Healthcare Corp.*, 158 Cal. App. 4th 1039, 1058-59 (2008) (citation omitted); *Jones v. ConocoPhillips Co.*, 198 Cal. App. 4th 1187, 1201 (2011).[3] Instead, because NNA is the manufacturer and not the seller, Plaintiff relies on an

---

[3] The Court notes that California law on the privity requirement for express warranty is not as settled as the parties suggest. *Compare Jones*, 198 Cal. App. 4th at 1201, *with Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 143-44 (2008). However, as Plaintiffs contend that they must rely on an exception to the general privity requirement, the Court does not clarify the bounds of this requirement.

1   exception to the rule, opp. at 8: when the plaintiff "relies on written labels or advertisements of a
2   manufacturer." *See Clemens*, 534 F.3d at 1023; *see also Watkins v. MGA Ent., Inc.*, 574 F. Supp.
3   3d 747, 758 (N.D. Cal. 2021) (explaining that courts have held that "there must be actual reliance
4   where the parties are not in privity") (citing *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 696
5   (1954)). Plaintiffs allege that prior to purchasing the vehicle they "read Nissan North America,
6   Inc.'s product brochure regarding 2022 Nissan Armada vehicles." SAC ¶ 26. Plaintiffs argue that
7   – based on that allegation – the Court can draw an inference that the brochure contained
8   advertisements or representations regarding NNA's Warranty that formed the basis of the bargain.
9   Opp. at 9. However, the SAC does not allege that the product brochure contained any such
10   advertisements or representations, or that Plaintiffs relied on them. The Court will not speculate
11   as to what the brochure may have included, nor will it assume that Plaintiffs relied on any
12   promises in that brochure.[4] Thus, Plaintiffs have failed to allege that they relied on NNA's written
13   labels or advertisements in purchasing the vehicle, and the Court dismisses the breach of warranty
14   claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (dismissing claims based on conclusory
15   allegations).

16       Even if Plaintiffs had alleged privity of contract, the Court would still dismiss the SAC as
17   Plaintiffs have not adequately alleged damages. NNA argues that Plaintiffs have failed to identify
18   any out-of-pocket costs or other damages suffered as a result of NNA's failure to repair the
19   vehicle, and that Plaintiffs' damages allegations are conclusory. Mot. at 13. Plaintiffs assert that
20   they alleged being without the use of their vehicle for several days. Opp. at 8. However, the SAC
21   states only that Plaintiffs have suffered "general, special and actual damages" because of
22   Defendant's failure to comply with its warranty obligations. SAC ¶¶ 60, 63. Such conclusory
23   assertions of damages are insufficient. *See SDI Labs, Inc. v. Sameday Techs., Inc.*, No.
24   CV2305619MWFMRWX, 2024 WL 989544, at *5 (C.D. Cal. Jan. 25, 2024) (finding damages

---

[4] Plaintiffs also argue that they relied on the representations made in the New Vehicle Limited Warranty. Opp. at 9. However, that cannot rescue their claim as Plaintiffs do not plead that they relied on – or even read – the Warranty when purchasing the Armada. *See Watkins*, 574 F. Supp. 3d at 758 (stating that California law requires plaintiffs to allege reliance when they are not in privity with the seller) (gathering cases).

allegations insufficient where complaint alleged "only in conclusory terms" that "[b]ecause of Defendants' breach of the NDA, Plaintiff has incurred damages"); *Adobe Sys. Inc. v. A & S Elecs., Inc.*, 153 F. Supp. 3d 1136, 1146 (N.D. Cal. 2015) (finding allegations that Defendants' "willful breach of the [Reseller Agreement] has damaged Plaintiff entitling it to damages and reasonable fees and costs" insufficient to allege damages). The Court thus dismisses the breach of warranty claim on this basis as well.[5]

## CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss the Second Amended Complaint with leave to amend. This will be Plaintiffs' last attempt to remedy the complaint. Any amended complaint must be submitted by **July 12, 2024.**

**IT IS SO ORDERED.**

Dated: June 12, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[5] NNA also argues that Plaintiffs have not alleged a violation of any express warranty provision. Mot. at 12-13. The Court does not agree, but does not address this argument more fully given the other deficiencies in the breach of warranty allegations.

5